**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD O. PARSONS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:06-CV-2992-RWS |
| MARK A. FITZGERALD; and | : |
| RMC ENERGY GROUP, L.L.C., | : |
| | : |
| Defendants. | : |

**<u>ORDER</u>**

This action was originally filed on December 8, 2006. Defendant RMC Energy Group, L.L.C. ("RMC") was served on December 12, 2006, and Defendant Mark A. Fitzgerald ("Fitzgerald") was served on December 14, 2006. Answers were due to be filed by RMC and Fitzgerald on January 2, 2007 and January 3, 2007, respectively.

On January 4, 2007, Defendants filed a Motion for Enlargement of Time [2]. On January 12, 2007, Plaintiff filed a Response to Defendant's Motion for Enlargement of Time and a Motion for Default Judgment [9]. Finding excusable neglect on the part of Defendants, by Order [14] entered February 2,

2007, the Court granted Defendants' Motion for Enlargement of Time and denied Plaintiff's Motion for Default Judgment.

After being granted an extension of time in which to file their Answers, Defendants failed to timely file their Initial Disclosures [20].  Further, Defendant have never filed the Certificate of Interested Persons as required by Local Rule 3.3.

On March 27, 2007, Plaintiff served Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents on Defendants.  On April 29, 2007, counsel for Defendants requested a 30-day extension of time within which to file responses.  On May 3, 2007, Plaintiff's counsel denied the request and demanded full responses no later than May 9, 2007.  On May 11, 2007, Plaintiff, having received no response, filed a Motion for Sanctions [22] requesting that the Court strike the defensive pleadings and enter default judgment due to Defendants' failure to respond to discovery.  On May 30, 2007, Defendants served responses to the discovery.  By Order [25] entered June 15, 2007, the Court found than an order compelling responses was no longer necessary because Defendants had filed Responses to discovery, but the Court did award $750 as attorney's fees to Plaintiff for the bringing of the Motion.  In the Order, the Court expressed its understanding of Plaintiff's

2

frustration with Defendants' dilatory conduct but found that dismissal was not appropriate at that time.  However, the Court cautioned Defendants: "Defendants are cautioned that they have exhausted their 'second chances' with the Court.  Continued failure to comply with the Court's rules will result in additional sanctions, including dismissal."  (June 15, 2007 Order at 3).

On July 31, 2007, Plaintiff filed a Motion to Compel [28] complaining that theResponses to discovery served by Defendants on May 30, 2007 were not full and complete responses to the discovery requests.  Plaintiff sought an order compelling complete responses and attorney's fees.  Defendants filed no response to the Motion and on August 31, 2007, the Court entered an Order [32] granting the Motion to Compel and awarding attorney's fees to Plaintiff.

On August 14, 2007, Plaintiff filed a Motion for Leave to File Amended Complaint [29].  By amendment, Plaintiff sought to add a Count IV alleging fraud.  Defendants filed no response to the Motion and on October 18, 2007, the Court entered an Order [39] granting Plaintiff's Motion for Leave to File an Amended Complaint and directing that Defendants file an answer within ten (10) days of service.  On October 30, 2007, Defendants filed a Motion for Extension of Time to File Answer [41] seeking a 20-day extension of time.  Plaintiff opposed the Motion asserting that Defendants had been aware of the 1-

3

count, 5-paragraph Amended Complaint since the filing of Plaintiff's Motion and that Defendants' request for an extension of time was simply intended to delay the case. (Pl.'s Resp. [42] at ¶¶ 1 and 4). By Order [44] entered November 2, 2007, the Court denied Defendants' Motion for Enlargement of Time.

On September 18, 2007, Plaintiff filed his Second Motion for Sanctions [35] asserting that Responses filed by Defendants as a result of the Court's August 31 Order were still not complete. Defendants have filed no response to this Motion. On October 1, 2007, Plaintiff filed a Second Motion to Compel Production of Documents [37] asserting that Defendants' Responses to Plaintiff's Second Request for Production of Documents was deficient. Defendants have filed no response to this Motion.

On October 17, 2007, Defendants filed a Motion to Quash Deposition [38] seeking to quash the Notice of Deposition of Defendant Fitzgerald. Defendants complained that the Notice requires Fitzgerald to appear in Atlanta for his deposition although he and his lead counsel reside in St. Louis, Missouri. Plaintiff filed a Response to the Motion to Quash [43] stating that Defendant's counsel made no good faith effort to resolve this issue with counsel for Plaintiff. Plaintiff's counsel states that he is willing to cooperate in the

scheduling of the deposition and agrees that the deposition should be taken in Atlanta. Defendants filed no Reply.

The case is presently before the Court for consideration of Plaintiff's Second Motion for Sanctions [35]; Plaintiff's Second Motion to Compel [37]; and Defendants' Motion to Quash [38]. In the Court's October 18 Order [39] the Court set the pending motions down for hearing. However, the Court specifically provided: "The setting of the hearing does not excuse the timely filing of responses to the Motion." (Oct. 18, 2007 Order at 2). The Court conducted a hearing on November 20, 2007 with counsel for the parties present.

Based upon Defendants' dilatory conduct since being initially served in this action, the Court finds that it is appropriate to strike Defendants' pleadings and grant Plaintiff a default judgment. The Court has outlined above, and will not repeat here, the numerous instances when Defendants have either failed outright or failed to timely meet their obligations under the applicable rules of procedure. At every turn, Defendants' conduct has reflected an intent to delay the progress of this case. Even after being ordered by the Court to comply with discovery requests, Defendants have failed to comply. At the November 20 hearing, the Court afforded Defendants an opportunity to explain their delays and inadequate responses to discovery. They provided no adequate justification

5

for their conduct. Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to sanction a party for failing to comply with an order to provide discovery by striking pleadings and granting default judgment. The Court realizes that striking pleadings is a severe sanction and should not be imposed when lesser sanctions will suffice. However, in this instance, lesser sanctions have not sufficed. The Court has previously denied this relief to Plaintiff and warned Defendants that their conduct could result in the striking of their pleadings. Yet, Defendants have persisted in their efforts to delay the litigation and not provide discovery.

Therefore, Plaintiff's Second Motion for Sanctions [35] is hereby **GRANTED**. The defensive pleadings of Defendants are hereby **STRICKEN** and a default judgment shall be entered in favor of Plaintiff against Defendants. Not later than December 3, 2007, Plaintiff shall file a statement of the damages to which he claims he is entitled, including any supporting documents. Not later than December 14, 2007, Defendants may file a response thereto, with any supporting documents. Not later than December 21, 2007, Plaintiff may filed a reply.

Plaintiff's Second Motion to Compel [37] and Defendants' Motion to Quash [38] are **DENIED**, **AS MOOT**.

6

AO 72A
(Rev.8/82)

**SO ORDERED**, this  21st  day of November, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE