**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD O. PARSONS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-2992-RWS |
| MARK A. FITZGERALD and : | |
| RMC ENERGY GROUP, LLC, : | |
| : | |
| Defendants. : | |

**ORDER**

On March 6, 2006, the Court entered an Order (the "March 6 Order") [53] awarding compensatory damages, as well as attorney's fees and costs pursuant to Plaintiff's breach of contract claim. (See Pl.'s Statement in Support of Damages [48] and March 6 Order). In the March 6 Order, the Court also found "that the allegations of the [Amended] Complaint set out an adequate cause of action for fraud. Thus, through their default, Defendants have admitted their liability for fraud." (March 6 Order at 6). Plaintiff seeks punitive damages as a result of the fraud. Because punitive damages could not "be calculated based upon the allegations in the Amended Complaint," the Court scheduled a hearing on the issue of punitive damages. (Id.)

AO 72A
(Rev.8/82)

The matter came before the Court for a hearing on the issue of punitive damages on April 22, 2008. After giving consideration to the evidence and arguments of counsel, the Court finds as follows.

Relying on Tankersley v. Barker, 286 Ga.App. 788, 790-91, 651 S.E.2d 435 (2007), Defendants assert that a party that recovers compensatory damages on a breach of contract claim cannot recover punitive damages based upon fraud in the inducement to enter that contract. While the Tankersley decision acknowledges the statutory prohibition of exemplary damages "in cases arising on contracts," O.C.G.A. §13-6-10, the decision also recognizes that "[e]ven in an action for breach of contract, where there were matters of record relating to fraud, punitive damages can be awarded, for fraud, if found, is tortious conduct." Id. (quoting Clark v. Aenchbacher, 143 Ga.App. 282, 284(1), 238 S.E.2d 442 (1977)). Where one is induced to enter into a contract by fraud, the defrauded party "can either rescind the contract and sue for both the purchase price . . . and 'fraud' (*e.g.*, punitive) damages, or affirm the contract . . . and sue for the value of what was promised . . . plus 'fraud' (typically involving general and punitive damages)." Patray v. Nw. Publ'g, Inc., 931 F.Supp. 865, 873 (1996). Plaintiff has chosen the latter course of action. He has affirmed the contract and been awarded the value of what he was promised and also seeks

2

punitive damages based upon the fraudulent inducement by Defendants. Based upon the foregoing authority, the Court finds Plaintiff is entitled to the recovery he seeks.

The amount of punitive damages is an amount "sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." O.C.G.A. §51-12-5.1. In a fraud action, the Court may take into account the "amount of fraud" involved in determining the amount of damages. Wilson Welding Serv. v. Partee, 234 Ga.App. 619, 620, 507 S.E.2d 168 (1998), overruled on other grounds by Shields v. Gish, 280 Ga, 556, 629 S.E.2d 244 (2006). After considering these factors as well as the entire record, the Court awards punitive damages to Plaintiff in the sum of $50,000.00.

Accordingly, the Clerk is hereby **ORDERED** to enter final judgment in favor of Plaintiff and against Defendants in the total sum of $232,498.73 , representing $127,186.67 as compensatory damages, $31,502.12 as interest through the date of this Order, $50,000.00 as punitive damages, $23,019.94 as attorney's fees, and $790.00 as costs[1]. Defendants are further **ORDERED** to tender an ownership interest equal to fourteen percent (14%) of RMC Energy to

---

[1]See March 6, 2008 Order [53] awarding compensatory damages, interest, attorney's fees, and costs.

3

Plaintiff, with such interest to be non-dilutable for a period of five (5) years from the date of judgment.

**SO ORDERED**, this  24th  day of April, 2008.


_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE